**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| QUANHUI ZHANG,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF ADELANTO ICE<br>PROCESSING CENTER, et al.,<br><br>　　　　　　Respondents. | Case No. EDCV 26-3022-AS<br><br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

On June 2, 2026, Quanhui Zhang (A# 246-598-349) ("Petitioner"), who is represented by counsel and is an immigration detainee in the custody of United States Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") claiming that Respondents have violated his Fifth Amendment due process rights and the Immigration and Nationality Act ("INA") by re-detaining him on May 26, 2026, without a prior hearing or any opportunity for release on bond,

after he had spent more than three years on supervised release. (Dkt. No. 1). He seeks immediate release and an injunction to prevent Respondents from re-detaining him without a prior hearing before a neutral decisionmaker where the government bears the burden to prove by clear and convincing evidence that he is a flight risk or danger to the community. (Id. at 11-12).

On June 10, 2026, Respondents filed an Answer to the Petition contending that Petitioner was lawfully arrested by ICE because he "is being investigated for money laundering and other related offenses." (Dkt. No. 8; see Dkt. No. 8-1 (Form 1-213, Record of Deportable/Inadmissible Alien)). Respondents assert that any relief here should be limited to ordering a bond hearing under 8 U.S.C. § 1226(a). (Id. at 2-3). On June 11, 2026, Petitioner filed a Reply arguing that immediate release is warranted because due process entitled him to a pre-deprivation hearing upon his May 26 arrest by ICE, notwithstanding the alleged criminal investigation, and the failure to provide such process cannot adequately be remedied by a post-deprivation hearing. (Dkt. No. 9).

For the reasons stated below, the Petition is GRANTED in part, and Respondents are enjoined from continuing to detain Petitioner unless he is provided a new bond hearing before a neutral decisionmaker at which the government must bear the burden to prove

by clear and convincing evidence that Petitioner is a flight risk or danger to the community.[1]

**BACKGROUND**

Petitioner entered the United States without inspection on December 25, 2022, and was arrested by ICE. (Petition ¶ 19). He was issued a Notice to Appear charging him with removability as a noncitizen present without admission or parole, under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). (Id. ¶ 20). He was released on his own recognizance on January 5, 2023. (Id. ¶ 21). He subsequently filed an application for asylum which remains pending before the Immigration Court. (Id. ¶ 22).

Since his release, Petitioner diligently complied with all reporting requirements imposed by ICE. (Id. ¶ 23). He also attended church regularly, worked to support himself, paid taxes, and lived openly and peacefully in the community. (Id.).

On May 26, 2026, Petitioner reported for a scheduled interview with federal law enforcement officers and a police detective who were seeking "to obtain additional information about a criminal incident that occurred in Texas in April 2026 and is the subject of a federal criminal investigation." (Dkt. No. 8-1 at 2). Petitioner consented to the interview and also to a search of his cell phone, which "revealed evidence of criminal activity," and

---

[1] The parties have consented to proceed before the undersigned United States Magistrate Judge. (See Dkt. Nos. 3-6).

specifically "money laundering, bulk cash smuggling, [and] interstate transportation to commit said crimes." (Id.). The officers then advised Petitioner of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and Petitioner declined to continue speaking with them and requested an attorney, so the interview concluded. (Dkt. No. 8-1 at 2). The officers contacted ICE about detaining Petitioner because the criminal activity at issue was a violation of the terms of his release. (Id.). He was thus arrested and detained by ICE. (See id.; Petition ¶ 24).

Before that interview, Petitioner had not received notice that his release had been revoked or that he would be re-detained, and he was not presented with an arrest warrant. (Petition ¶ 25). Since then, he has remained in ICE detention at Adelanto ICE Processing Center and has not been provided any bond hearing or other opportunity to challenge the basis for his detention. (See Petition ¶¶ 27-28).

## DISCUSSION

Petitioner's detention is governed by 8 U.S.C. § 1226(a), under which the government may arrest and detain noncitizens "pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a); see Prieto-Romero v. Clark, 534 F.3d 1053, 1062 (9th Cir. 2008) ("Section 1226(a) on its face authorizes the detention of [noncitizens] during the removal order review process."). Detention under § 1226(a) is "discretionary" and "provides for release on bond or conditional

4

parole." Avilez v. Garland, 69 F.4th 525, 530 (9th Cir. 2023). Upon being detained under this provision, Petitioner was entitled to a prompt, individualized bond hearing at which the government had "the burden of proving by clear and convincing evidence that [Petitioner's] continued detention is justified." Perez v. McAleenan, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020), appeal dismissed, 2020 WL 8970669 (9th Cir. 2020); see also Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) ("At the outset of its decision, the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community."); Melchor-Melchor v. Noem, 2026 WL 760058, at *1-3 (C.D. Cal. Mar. 16, 2026) (petitioner detained under § 1226(a) was entitled to bond hearing before immigration judge where the government had burden to prove dangerousness or flight risk by clear and convincing evidence); Gutierrez v. Semaia, 2026 WL 916773, *5 n.3 (C.D. Cal. Mar. 27, 2026) (same). "The 'clear and convincing' standard requires the Government to present evidence to establish 'an abiding conviction that the truth of [the] factual contentions at issue is highly probable.'" N.A. v. Warden, Adelanto Det. Facility, 2026 WL 734587, at *7 (C.D. Cal. Feb. 20, 2026) (quoting Mondaca-Vega v. Lynch, 808 F.3d 413, 422 (9th Cir. 2015) (en banc)), report and recommendation adopted, 2026 WL 734585 (C.D. Cal. Mar. 12, 2026).

Petitioner contends that he is entitled to immediate release because he was deprived of notice and a hearing prior to his re-detention on May 26, 2026. (See Petition at 1-2, 6-11; Reply at 1-3). However, as indicated above, federal officers arrested

Petitioner that day upon discovering evidence tying him to "money laundering, bulk cash smuggling, [and] interstate transportation to commit said crimes," for which he is under federal investigation. (Dkt. No. 8-1 at 2). Officers reasonably determined that this alleged criminal activity was a violation of the terms of Petitioner's release which warranted his arrest. (Id.). While these facts do not merit depriving Petitioner of a hearing, the nature of alleged criminal activity may indeed justify Petitioner's continued detention, and it is the immigration judge's proper role to assess and weigh such evidence and make that determination.

**ORDER**

Accordingly, the Court GRANTS IN PART AND DENIES IN PART the Petition (Dkt. No. 1) as follows: (1) the Court GRANTS the Petition to the extent that Respondents are enjoined from continuing to detain Petitioner Quanhui Zhang (A# 246-598-349) unless he is provided a bond hearing before a neutral decisionmaker at which the government must bear the burden to prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community; and (2) otherwise, the Court DENIES the Petition.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 12, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE